# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

LINDA BORAN

    **-v-**                                   **3:06CV806(CFD)(TPS)**

COLUMBIA CREDIT SERVICES, INC.,
JASON HALSTEAD and NATIONAL CREDIT
ACCEPTANCE, INC.

## RULING ON DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY PROCEEDINGS IN FAVOR OF ARBITRATION

This case concerns alleged unauthorized collection efforts with respect to a consumer credit card debt in violation of the Fair Debt Collections Practice Act (FDCPA), 15 U.S.C. § 1692 et. seq., the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(f), and the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110(a). The defendants have filed a Motion to Dismiss or in the Alternative Stay Proceedings in Favor of Arbitration **(Dkt. ## 10, 16)** pursuant to the Federal Arbitration Act, 9 U.S.C. § 3, on the grounds that the claims in this action are subject to a binding arbitration agreement and a previous arbitration award in their favor.

Specifically, the defendants allege that the plaintiff signed a credit card agreement with MBNA America Bank, N.A. (MBNA) which contained a mandatory arbitration clause pertaining to all claims or disputes arising from the agreement. According to the defendants, Columbia Credit Services, Inc. (Columbia) was

subsequently assigned all rights and authority necessary to pursue collection on the account, and filed a demand for arbitration in the National Arbitrations Forum (NAF) against the plaintiff pursuant to the arbitration provision.   The arbitration was conducted through the rules of the NAF for "document hearings," and the plaintiff submitted documents alleging that she was the victim of identity theft and that she had not opened up the credit card in issue.   In response to the plaintiff's assertions, Columbia asserts that it moved to stay the arbitration in order to permit further investigation.   After Columbia completed its investigation, the stay of arbitration was lifted, and the arbitrator eventually issued an award in favor of Columbia in the amount of $10,640.23. To date, the plaintiff has not sought to vacate the award.

With regard to the current claim, the defendants have filed a Motion to Dismiss or in the Alternative Stay Proceedings in Favor of Arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 3.   The Court construes Defendants' Motion as a simultaneous application under 9 U.S.C. § 4 for "an order directing that such arbitration proceed in the manner provided for in such agreement." Under 9 U.S.C. § 3, the Court, "upon being satisfied that the issue involved...is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."   In the event that the making of the

arbitration agreement is in issue, "the court shall proceed summarily to the trial" of that issue. Id. § 4; See Sphere Drake Ins. Ltd. v. Clarendon Nat'l Ins. Co., 263 F.3d 26, 30 (2d Cir. 2001)("[i]f the making of the agreement to arbitrate is placed in issue...the court must set the issue for trial.") In addition, if the making of the arbitration agreement has been placed at issue, "the party alleged to be in default may...demand a jury trial of such issue." 9 U.S.C. § 4.  "[U]pon such a demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure...or may specifically call a jury for that purpose." Id.  The plaintiff has made such a demand in her Opposition to Defendants' Motion to Dismiss or Stay Proceedings. (Docket # 22 at 2.)

Before a trial on arbitrability is warranted, however, "the party putting the agreement to arbitrate in issue must present 'some evidence' in support of its claim." 9 U.S.C. § 4.  See Interocean Shiping Co. v. Nat'l Shipping & Trading Corp., 462 F.2d 673, 676 (2d Cir. 1972); Almacenes Fernandez, S.A. v. Golodetz, 148 F.2d 625, 628 (2d Cir. 1945).  More specifically, in the context of motions to compel arbitration brought under 9 U.S.C. § 4, the Second Circuit applies a standard similar to that applicable for a motion for summary judgment. Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003), Doctor's Associates v. Distajo, 944 F. Supp. 1010, 1014 (D. Conn. 1996), aff'd, 107 F.3d 126 (2d Cir. 1997).

-3-

Thus, "[i]f there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary. <u>Bensadoun</u>, 316 F.3d at 175. "Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement." <u>Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.</u>, 636 F.2d 51, 54 (3d Cir. 1980). Although the defendants did not specifically make an application under section 4 of the FAA for a stay pending arbitration, "the summary judgment standard is appropriate in cases [such as this] where the District Court is required to determine arbitrability." <u>Bensadoun</u>, 316 F.3d at 175.

Courts in the Second Circuit ask three questions when considering a motion to stay a proceeding pending arbitration: (1) "whether the parties agreed to arbitrate;" (2) whether "the scope of that agreement" covers the claims; and (3) "if federal statutory claims are asserted, ... whether Congress intended those claims to be nonarbitrable." <u>Oldroyd v. Elmira Sav. Bank, FSB</u>, 134 F.3d 72, 75-76 (2d Cir. 1998). Upon a careful review of the papers submitted with regard to the Motion to Dismiss or Stay Proceedings in Favor of Arbitration, the Court finds that there is a genuine issue of material fact as to the threshold issue of whether the plaintiff signed the credit card application giving rise to the arbitration clause at issue in the defendants' motion. If the plaintiff did not sign the credit card application, the parties

-4-

could not have agreed to arbitrate.  "It is contrary to logic and common sense to attempt to bind Plaintiff to the terms of a credit application agreement for an account that was opened...at the request of a defrauder." <u>Maranto v. Citifinancial Retail Servs.</u>, 2005 U.S. Dist. LEXIS 31352 *4 (D. La. 2005).  The plaintiff has provided sufficient evidence, in particular the warrant for the arrest of plaintiff's son's girlfriend with respect to the fraudulent opening of the credit card at issue in this case, to place the legitimacy of the credit card agreement and corresponding arbitration clause in issue.  Although defendant Columbia Credit Services and the NAF arbitrator apparently found the plaintiff's identity theft allegation to be unsubstantiated, neither the defendant nor the arbitrator had the benefit of the arrest warrant and the information contained therein at the time of their inquiries.

The Court also finds that plaintiff's limited participation in the arbitration through document submissions does not amount to an implied agreement to arbitrate.  "Although a party is bound by an arbitral award only where it has agreed to arbitrate, an agreement may be implied from the party's conduct." <u>Gvozdenovic v. United Air Lines, Inc.</u>, 933 F.2d 1100, 1105 (2d Cir. 1991).  The undersigned notes the numerous cases cited by the defendants in which courts have found a party's participation in arbitration proceedings to rise to the level of an implied agreement to

arbitrate.    However,  these  cases  involve  collective  bargaining, employment,  or  contractual  disputes  in  which  there  was  an overarching contractual relationship between the parties, only the scope  of  the  arbitration  clause  was  at  issue,  or  where  the complaining party played a substantial and continuing role in the arbitration proceedings.   Those cases are distinguishable in that none of them deal with a situation, such as here, where a party contended at arbitration that it had no dealings whatsoever with the drafter (or its successors or assigns) of a contract containing the arbitration clause, and its participation in the arbitration was limited to asserting that it was not a party to the contract in the first place.

In  Pike v. Freeman, 266 F.3d 78(2d. Cir. 2001), the Second Circuit stated that "[a]rbitration is not a trial run in which a party may sit quietly by without raising pertinent issues, wait to see if the result is in his favor and then seek judicial relief as an  afterthought..."   Id. at 89.   Here,  the  defendants  have submitted an affidavit which admits that "after service of the arbitration claim on Plaintiff...[she] contested responsibility for the  debt...[and]  made  document  submissions  to  the  arbitrator claiming to have no knowledge of the existence of the account at issue,  and  asserting  that  the  unpaid  charges  were  a  result  of identity theft and fraud."   LeLievre Affidavit ¶ 10.   While it appears  that  the  plaintiff  did  not  explicitly  object  to  the

arbitration forum, she certainly did not "sit quietly by without raising pertinent issues."  By explicitly raising the issues of identity theft and fraud in a timely manner, she impliedly raised the issue of arbitrability to both the defendants and the arbitrator.  The defendants and the arbitrator were undoubtedly aware that, if the credit card application was signed by an identity thief as alleged in plaintiff's submissions, the dispute between the parties was not subject to NAF arbitration. The Court also takes into consideration plaintiff's assertion that she was not represented by counsel when she submitted her response to the arbitrator.  Thus, on the limited record before it, the Court finds that the plaintiff impliedly objected to the arbitrability of the claim and cannot be found to have agreed to arbitrate the dispute absent a signed agreement.

The plaintiff has met her burden of showing the existence of "an issue of fact as to the making of the agreement for arbitration," and thus a trial on that issue is necessary. Bensadoun, 316 F.3d at 175.  Specifically, a trial must be held on the limited issue of whether the plaintiff actually signed the credit card application.  If the jury finds that the plaintiff was a victim of identity theft, the underlying contract, including the arbitration clause, is void, and all other arguments raised by the defendants in their motion are moot.  Unless the parties consent to a trial before a Magistrate Judge, the trial must be conducted by

a District Judge.

For the foregoing reasons, the Plaintiff's Motion for a jury trial under 9 U.S.C. § 4 is **GRANTED**. Defendants' Motion to Dismiss or in the Alternative Stay Proceedings in Favor of Arbitration under 9 U.S.C. §4 is **DENIED** without prejudice to refile after determination of whether the plaintiff actually signed the credit card application at issue.

**Dated at Hartford, Connecticut, this 21st day of November, 2006.**

**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**